ORIGINAL

FIL=D

MAY 2 4 2017

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

         Plaintiff,

    v.

DIAMOND ENVIRONMENTAL SERVICES,
LP (1),
ARIE ERIC DE JONG III, (2), and
WARREN L. VAN DAM (3)

         Defendants.

Case No. 17cr1305-BEN

I N F O R M A T I O N

Conspiracy - 18 U.S.C. §371;-
Mail Fraud - 18 U.S.C. §1341;
Aiding and Abetting- 18 U.S.C. §2;
Criminal Forfeiture-
18 U.S.C. §981(a)(1)(C) and 28
U.S.C. §2461(d)

The United States Attorney charges, at all times relevant herein:

Introductory Allegations

1. The Clean Water Act, 33 U.S.C. § 1251, *et seq.* required, among other things, that the Environmental Protection Agency ("EPA") establish pretreatment standards for the introduction of pollutants generated by industrial facilities to publicly owned treatment works ("POTW") to prevent pollutants from passing through or interfering with the operation of such treatment works. 33 U.S.C. § 1317(b). The POTW includes not only the sewage treatment plant but also the pipes that convey the wastewater and any systems used in the treatment,

*:*:San Diego/Imperial
5/9/17

recycling and reclamation of municipal sewage or industrial wastes of a liquid nature.

2.    Pursuant to its Clean Water Act pretreatment authority, the EPA established general and specific prohibitions applicable to all industrial users that introduce pollutants into a POTW. These prohibitions were intended to protect the POTW from pollutants which might cause interference with to the operation of the POTW.    One of the specific prohibitions forbids the introduction into a POTW of "any trucked or hauled pollutants, except at discharge points designated by the POTW."    40 C.F.R. § 403.5(b)(8).    EPA regulations also required dischargers to notify the POTW immediately of discharges that could cause problems for the POTW, including discharges of trucked waste at points other than as designated by the POTW.    40 C.F.R. § 403.12(f).

3.    The designated point for the discharge of trucked waste in San Diego County was Pump Station #1 in the City of San Diego.    Pump Station #1 has large scale waterfalls to dilute wastewater entering the treatment plant so the discharge of high volumes of heavily concentrated wastewater does not overburden the plant.    Pump Station #1 also screens the wastewater to remove any solids that could adversely affect treatment processes at the plant.

4.    Dischargers at Pump Station #1 were charged a fee based on the capacity of the truck.    Septage haulers were charged a fee of approximately $78.66-$83.29 per 1000 gallons of domestic waste discharged at Pump Station #1.

2

5.      Defendant Diamond Environmental Services, LP ("Diamond") was a partnership organized in the State of California with its headquarters in San Marcos, California.  Diamond was engaged in the business of servicing portable toilets and hauling septage.  Diamond operated additional facilities in San Diego, Perris, Fullerton, and Huntington Park, California.

6.      Septage waste is a mixture of solid wastes, sludge, and liquids pumped from septic tanks, portable toilets and other containers, typically containing high levels of grease, grit, and debris.  It is resistant to settling and dewatering, and has a high potential for foaming.  These characteristics make it difficult to handle and treat.

7.      Defendant Arie Eric De Jong III was the owner and Managing Member of Diamond, who operated the company from the headquarters in San Marcos, California.

8.      Defendant Warren L. Van Dam was the Operations Manager for Diamond, and had an office at the company headquarters in San Marcos, California.

## Count 1

### Conspiracy, in violation of 18 U.S.C. §371

10.      Paragraphs 1-8 of the Introductory Allegations are incorporated herein as if set forth in full.

11.      Beginning on a date unknown but at least as early as 2009, and continuing up to and including August 26, 2016, within the Southern District of California and elsewhere, defendants ARIE ERIC DE JONG III

3

and WARREN L. VAN DAM did knowingly and willfully conspire together and with others known and unknown to the grand jury to commit offenses against the laws of the United States, to wit: as the owner and operator of a source, knowingly operated the source in violation of a prohibition or pretreatment standard, in violation of Title 33, United States Code, Sections 1317(d) and 1319(c)(2)(A) and 40 C.F. R. §403.5(b)(8).

12.    It was a method and means of the conspiracy that the defendants installed unpermitted connections to the sewer laterals at their facilities in San Diego, San Marcos, Perris, Fullerton and Huntington Park to discharge the trucked waste directly to the sewer at their facilities in order to avoid between $1.3 million and $4.1 million in fees that would have been charged for the discharge of trucked waste at the points designated by the local sewer authorities.

13.    It was a further method and means of the conspiracy that the defendants installed pumps, settling tanks and macerators to grind the trucked waste while discharging to the sewer in order to speed the discharge of the trucked waste and avoid clogs leading to sewage spills at their facilities.

14.    It was a further method and means of the conspiracy that the defendants directed their employees to discharge the contents of the trucks used to service the portable toilets at their facilities in San Diego, San Marcos, Perris, Fullerton and Huntington Park on a daily basis during the work week (and sometimes on weekends) as a standard company practice.

15.  In furtherance of the conspiracy, the following overt acts were committed within the Southern District of California and elsewhere:

a.    In 2009, in San Marcos, California, defendant ARIE ERIC DE JONG III directed a Diamond maintenance supervisor to design equipment that could be used to discharge the portable toilet wastewater from the trucks directly to the sewer at the Diamond facilities.

b.    On or about June 9, 2011, in San Marcos, defendant ARIE ERIC DE JONG III and WARREN L. VAN DAM observed as a manufacturer's representative demonstrated the operation of equipment to be used to discharge the trucked portable toilet wastewater to the sewers.

c.    On or about July 11, 2011, in San Marcos, defendants ARIE ERIC DE JONG III and WARREN L. VAN DAM directed a Diamond maintenance supervisor to issue a purchase order for two pumps to be used to discharge trucked portable toilet waste to the sewers at the San Diego and San Marcos locations.

d.    On or about December 2, 2011, in San Marcos, defendants ARIE ERIC DE JONG III and WARREN L. VAN DAM observed as the equipment to discharge the portable toilet waste to the sewers was tested at the San Marcos location.

e.    On or about February 6, 2012, in San Marcos, defendant WARREN L. VAN DAM observed and approved a test of new teeth on the grinder to be used to discharge the portable toilet waste to the sewer.

5

f.    On or about March 12, 2012, in San Marcos, defendant ARIE ERIC DE JONG III sent an email to defendant WARREN L. VAN DAM and the Diamond maintenance supervisor directing them to get a "grinder pump" installed at the San Diego location quickly because it was a "big money saver."

g.    On or about early 2012, in San Marcos, defendant ARIE ERIC DE JONG III directed that the Diamond site supervisors attend a training session relating to how to operate the equipment used to discharge the trucked waste to the sewers.

h.    On or about September 4, 2013, in San Marcos, defendant ARIE ERIC DE JONG III sent an email to defendant WARREN L. VAN DAM advising that the next "grinder pump and tank" were ready to install, asking VAN DAM whether he thought it should be placed in Fullerton or Huntington Park.

i.    On or about May of 2014, in Huntington Park, employees of defendant DIAMOND ENVIRONMENTAL SERVICE LLP installed a larger pump and grinder because the previous equipment could not handle the volume of the discharge.

j.    On or about August 27, 2014, in San Marcos, defendant ARIE ERIC DE JONG III sent an email to defendant WARREN L. VAN DAM and the Diamond maintenance supervisor, stating that since the larger "pump grinder" had been installed in Huntington Park, it had not broken down once, asking if they should make similar changes at all the Diamond locations.

k.   On or about August 28, 2014, in San Marcos, defendant ARIE
ERIC DE JONG III directed the maintenance supervisor to get an
estimate of what it would cost to replace all the grinder pumps at all
the Diamond locations with the larger unit.

l.   On or about June 14-17, 2016, in San Diego, employees of
DIAMOND ENVIRONMENTAL SERVICES LLP, acting at the direction of
defendants ARIE ERIC De JONG III and WARREN VAN DAM, discharged the
contents of 15-19 trucks of portable toilet waste each day to the
sewer at the Diamond location in San Diego.

All in violation of Title 18, United States Code, Section 371.

## Count 2

**Mail Fraud, in violation of 18 U.S.C. 1341 and 2.**

16.   Paragraphs 1-6 of the Introductory Allegations are
incorporated herein as if set forth in full.

17.   Beginning on or about 2009 and continuing up to and
including August 26, 2016, within the Southern District of California,
defendant DIAMOND ENVIRONMENTAL SERVICES, LP knowingly devised a
scheme and artifice to defraud and for obtaining money and property by
means of materially false and fraudulent pretenses, representations
and omissions, to wit: (a) the defendant falsely represented the
volume of its wastewater discharge to the sewer at its locations and
(b) the defendant failed to notify the POTWs of the discharges of
trucked waste occurring at its facilities.

18.   As part of the scheme and artifice to defraud, the defendant
installed unpermitted connections to the sewer laterals at its

facilities in San Diego, San Marcos, Perris, Fullerton and Huntington Park to discharge the trucked waste directly to the sewer at their facilities in order to avoid between $1.3 million and $4.1 million in fees that would have been charged for the discharge of trucked waste at the points designated by the local sewer authorities.

19.    As part of the scheme and artifice to defraud, the defendant installed pumps, settling tanks and macerators to grind the trucked waste while discharging to the sewer in order to speed the discharge of the trucked waste and avoid clogs leading to sewage spills at its facilities.

20.    As part of the scheme and artifice to defraud, the defendant directed its employees to discharge the contents of the trucks used to service the portable toilets at its facilities in San Diego, San Marcos, Perris, Fullerton and Huntington Park on a daily basis during the work week (and sometimes on weekends) as a standard company practice.

21.    As part of the scheme and artifice to defraud, the defendant falsely understated the daily volume of wastewater discharged at its facilities when communicating with the local sewer districts in order to be able to continue to illegally discharge the large volume of trucked waste at its facilities.

22.    As part of the scheme and artifice to defraud, the defendant concealed these discharges from inspectors by directing its employees to place trucks or portable toilets over the illicit sewer connections to hide them during inspections.

23.    The defendant, with intent to defraud, did on or about December 2, 2015, for the purpose of executing such scheme, cause to be delivered by private commercial interstate carrier, 5 pumps, from Minnesota to San Marcos, California;

All in violation of 18 U.S.C. §§ 1341 and 2.

FORFEITURE ALLEGATION

24. Upon conviction for the charge alleged in Count 2 of the Information, defendant DIAMOND ENVIRONMENTAL SERVICES, LP shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Section 1341 of Title 18 of the United States Code, including but not limited to a sum of between approximately $1,392,111 and approximately $4,171,752.

25. If any of the above-described forfeitable property, as a results of any act or omission of defendants DIAMOND ENVIRONMENTAL SERVICES, LP.:

a. Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third party;

c. Has been placed beyond the jurisdiction of the Court;

d. Has been substantially diminished in value; or

e. Has been comingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c) to seek

9

1  forfeiture of any other property of the defendant up to the amount

2  alleged above as being subject to forfeiture.

3       All pursuant to Title 18, United States Code, 981(a)(1)(C) and

4  Title 28, United States Code, Section 2461(c).

5       DATED: May 9th, 2017.

6

7

8

9                                        ALANA W. ROBINSON
                                         Acting United States Attorney
10

11
                                         MELANIE K. PIERSON
12                                       Assistant U.S. Attorney

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    10